NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0342n.06

Case No. 15-6100

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 22, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TARYN MURPHY; CHRIS LANDON, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| SERGEY LAZAREV. | ) | |
| | ) | **OPINION** |
| Defendant-Appellee. | ) | |

**BEFORE: GIBBONS and McKEAGUE, Circuit Judges; LAWSON, District Judge.**[*]

**JULIA SMITH GIBBONS, Circuit Judge.** The instant appeal arises out of several claims brought by Taryn Murphy and Chris Landon (plaintiffs) against Sergey Lazarev, who the plaintiffs allege infringed their copyright to "Almost Sorry," a song they co-authored. In a prior appeal, noting that the plaintiffs never entered into any agreement with Lazarev, we concluded that as a result of several agreements between Lazarev and Style Records (Style), a Moscow-based record label, and between Style and the plaintiffs, Lazarev had a valid sublicense to record and perform "Almost Sorry" from 2006 until May 2013. Therefore, he did not infringe plaintiffs' copyright. Thereafter, the district court granted Lazarev's motion for attorneys' fees and costs, concluding that the plaintiffs' lawsuit was frivolous and their pursuit of claims against Lazarev was both legally and factually unreasonable. The plaintiffs filed a timely notice of appeal. We affirm.

---

[*] The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I.

We review the district court's decision to award attorneys' fees for abuse of discretion, which occurs when the district court "makes clearly erroneous factual findings, improperly applies the law, or uses an erroneous legal standard." *Jones v. Blige*, 558 F.3d 485, 494 (6th Cir. 2009).

## II.

The plaintiffs make little attempt to show how the district court erred. In fact, the argument section of their brief appears to be taken verbatim from Section I of their motion to alter or amend before the district court. Despite ample opportunity to develop these arguments, because they were not raised in the plaintiffs' initial response in opposition to Lazarev's Rule 59(e) motion for fees, they were never properly before the district court, *see Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007), and thus are not properly before this court either, *see Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.* 767 F.3d 611, 630 (6th Cir. 2014). Moreover, the plaintiffs make no effort at developing their arguments and hardly address the district court's contentions with respect to the frivolity of their pursuit of Lazarev and their efforts to prolong this litigation. They essentially rehash their arguments related to the underlying claim, asserting that the issues were ones of first impression, and pay mere lip service to the propriety of the award of fees and costs. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." *United*

*States v. Fowler*, 819 F.3d 298, 309 (6th Cir. 2016) (alteration in original) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)).

Moreover, no novel issues were involved in the appeal. By merely looking to the dates of the various agreements between the parties, the plaintiffs could have easily determined that Lazarev committed none of the violations alleged in the complaint. That the plaintiffs' allegations had no basis in law or fact should have been apparent to them from the outset of this litigation. We have reviewed the district court's thorough and well-reasoned decision, and conclude that it did not err in awarding attorneys' fees and costs to Lazarev.

III.

For the reasons explained above, we affirm the district court's grant of attorneys' fees and costs to Lazarev.